IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CLEO ANTHANETT CHRISTOPHER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-14-3184 |
| ST. VINCENT DE PAUL OF BALTIMORE, INC., *et al.*, | * | |
| | * | |
| Defendants. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Cleo Anthanett Christopher ("Christopher" or "Plaintiff") brings this *pro se* action against Defendants St. Vincent de Paul of Baltimore, Inc. ("St. Vincent"), Stephanie Archer-Smith ("Smith"), Portia McConnell ("McConnell"), Michelle Young ("Young"), Toni Adair ("Adair"), and John Schiavone[1] ("Schiavone") (collectively, "Defendants"),[2] alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* Plaintiff claims that the termination of her employment at St. Vincent was the result of discrimination and harassment related to her alleged disabilities.

Currently pending before this Court are Defendants' Motion to Dismiss (ECF No. 10); Plaintiff's Motion to Remand (ECF No. 12); Plaintiff's Motion for Entry of Default

---

[1] In Plaintiff's Amended Complaint (ECF No. 5), she fails to name Schiavone as an individual defendant, instead referring to him merely as an officer of St. Vincent. Defendants confirmed the omission with this Court, explaining that Schiavone did not join in the removal of this case, nor any subsequent submissions, because he is not a separate, named defendant. Defs.' Resp. re: Standing Order Concerning Removal, 2 n.2, ECF No. 9. In the Second Amended Complaint, Plaintiff again names Schiavone solely as an officer of St. Vincent, rather than an individual defendant. *See* Second Amend. Compl., ECF No. 18. Schiavone is thus not an individual defendant in this action.

[2] Defendants Archer-Smith, McConnell, Young, and Adair are current or former employees of Defendant St. Vincent.

(ECF No. 15); Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 18); Movants Demetra Doughty and Danielle Christopher-Robinson's Motion to Intervene (ECF No. 21); Plaintiff's Motion for Summary Judgment (ECF No. 24); and Plaintiff's Motion for Judgment Settlement (ECF No. 26). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the following reasons, Defendants' Motion to Dismiss (ECF No. 10) is MOOT;[3] Plaintiff's Motion to Remand (ECF No. 12) is DENIED; Plaintiff's Motion for Entry of Default (ECF No. 15) is DENIED;[4] Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 18) is GRANTED WITH PREJUDICE; Movants Demetra Doughty and Danielle Christopher-Robinson's Motion to Intervene (ECF No. 21) is DENIED; Plaintiff's Motion for Summary Judgment (ECF No. 24) is MOOT;[5] and Plaintiff's Motion for Judgment Settlement (ECF No. 26) is MOOT.[6] Quite simply, as noted below, this case is nearly identical to an earlier action dismissed by this Court on February 7, 2013. This case is thus barred by *res judicata* and DISMISSED WITH PREJUDICE as to all Defendants.

## BACKGROUND

In a ruling on a motion to dismiss, this Court must accept the factual allegations in the plaintiff's complaint as true and construe those facts in the light most favorable to the

---

[3] As this Court is granting Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 18) with prejudice, Defendants' first Motion to Dismiss is moot.

[4] Defendants, after removing the subject action from the Circuit Court for Baltimore City on October 9, 2014, moved to dismiss the Amended Complaint (ECF No. 5) on October 14, 2014. Defendants thus moved to dismiss well within the seven-day period in which a removing defendant must file an answer. *See* Fed. R. Civ. P. 81. Moreover, a defendant moving to dismiss need not file an answer unless and until the motion is denied. *See* Fed. R. Civ. P. 12(a)(4). Given that Defendants timely filed their Motion to Dismiss (ECF No. 10), they did not fail to respond to Plaintiff's Complaint. Plaintiff's Motion for Entry of Default (ECF No. 15) is frivolous and thus denied.

[5] In light of this Court's dismissal of this case with prejudice, Plaintiff's Motion for Summary Judgment is moot.

[6] Like Plaintiff's Motion for Summary Judgment, her Motion for Judgment Settlement is also moot.

plaintiffs. *See, e.g., Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Yet, a plaintiff's status as *pro se* does not absolve him of the duty to plead adequately. *See Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (citing *Anderson v. Univ. of Md. Sch. Of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990)).

This action is nearly identical to a complaint filed by Ms. Christopher in this Court against the same Defendants, arising out of alleged discrimination and retaliation related to her August 16, 2010 termination.[7] *See Christopher v. St. Vincent de Paul of Baltimore, Inc., et al.*, No. CCB-12-2309 (D. Md. Feb. 7, 2013) ("*Christopher I*"). The background facts of this action were thus fully set forth by this Court in its Memorandum Opinion dismissing *Christopher I. Id.* To summarize, Plaintiff allegedly suffers from "unfortunate physical and mental difficulties apparently resulting from cerebral aneurysm and/or strokes she suffered in 2009-2010." *Id.* at 1. Ms. Christopher claims she suffered discrimination due to these conditions, but omits any facts linking her alleged disabilities to discrimination or her termination. *Id.* Rather, she states that her termination was the result of "insubordination, or because she 'knew too much'. . ." *Id.*

On February 7, 2013, this Court dismissed Ms. Christopher's first lawsuit for failing to state any claims upon which relief may be granted. *Id.* at 1-2. The United States Court of

---

[7] As will be discussed below, Plaintiff previously asserted Americans with Disability Act and Rehabilitation Act claims. *See Christopher I*, No. CCB-12-2309, Compl., ECF No. 1. In the subject action, she levies one additional claim – a violation of Title VII of the Civil Rights Act of 1964 – but omits any facts related to this claim. Amend. Compl., 2, ECF No. 5; Second Amend. Compl., 2, ECF No. 13.

Appeals for the Fourth Circuit subsequently affirmed this Court's order. *Christopher v. St. Vincent de Paul of Baltimore, Inc., et al.*, 537 F. App'x 137 (4th Cir. 2013). Plaintiff then filed the subject action in the Circuit Court for Baltimore City, and Defendants removed to this Court, pursuant to 28 U.S.C. § 1331 and 1441. Plaintiff filed a Second Amended Complaint (ECF No. 13), asserting the same allegations and facts of the First Amended Complaint (ECF No. 5). In response, Defendants moved to dismiss. Defs.' Mot. to Dismiss Pl.'s Second Amend. Compl. (ECF No. 18). Plaintiff has also filed a Motion to Remand (ECF No. 12), a Motion for Entry of Default (ECF No. 15), a Motion for Summary Judgment (ECF No. 26), and a Motion for Judgment Settlement (ECF No. 26). Finally, Movants Demetra Doughty and Danielle Christopher-Robinson (the "Proposed Intervenors") filed a Motion to Intervene (ECF No. 21).

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d

435, 439 (4th Cir. 2012) (citation omitted).  In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss.  *Iqbal*, 556 U.S. at 678.  First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference.  *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim).  In the context of *pro se* litigants, however, pleadings are "to be liberally construed," and are "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010).  Second, even a *pro se* complaint must be dismissed if it does not allege "a plausible claim for relief."  *Id.* at 679; *see also O'Neil v. Ponzi*, 394 F. App'x. 795, 796 (2d Cir. 2010).

In the employment discrimination context, this pleading standard should not be "onerous."  *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 764 (4th Cir. 2003).  The Supreme Court has indicated that an employment discrimination plaintiff need not plead particular facts conclusively satisfying each element of a prima facie case.  *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002).[8]  *Swierkiewicz*, however, did not abrogate the requirement that the plaintiff allege "facts *sufficient* to state *all* the elements of her claim."  *Bass*, 324 F.3d at 765 (emphasis added); *see Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (explaining that *Swierkiewicz* does not nullify the heightened pleading requirements of *Twombly* and *Iqbal*); *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002) ("[T]he

---

[8] Although the general 12(b)(6) standard used in *Swierkiewicz* was overruled by *Twombly*, *see Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009), the analysis cited here remains good law.  *Reed v. Airtran Airways*, 531 F. Supp. 2d 660, 666 (D. Md. 2008) ("The *Twombly* Court made clear that its holding did not contradict the *Swierkiewicz* rule that 'a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a *prima facie* case of discrimination.'" (citations omitted)).

Supreme Court's holding in *Swierkiewicz v. Sorema* did not alter the basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim." (internal citation omitted)).

Even with the degree of flexibility arguably given to employment discrimination plaintiffs, the court must consider whether plaintiff's complaint has met the plausibility requirement of *Twombly* and *Iqbal. See Miller v. Carolinas Healthcare System*, 561 F. App'x 239, 241 (4th Cir. 2014) (explaining that, in the Fourth Circuit, "*Swierkiewicz* left untouched the burden of a plaintiff to allege facts sufficient to state all elements of her claim." (internal quotation marks and citation omitted)). In making this assessment, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679. "At bottom, a plaintiff must nudge [its] claims across the line from conceivable to plausible to resist dismissal." *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) (internal quotation marks omitted).

<u>ANALYSIS</u>

**A.  Motion to Remand**

As Plaintiff's Motion to Remand contests this Court's jurisdiction over the subject action, it must be addressed first. Under 28 U.S.C. § 1446(b), a notice of removal "shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based[.]" A party objecting to removal must do so "within 30 days after the filing of the notice of removal[.]" 28 U.S.C. § 1447(c). If a party "engages in affirmative activity in federal court," then that party "typically waives the right to seek a remand[.]" *Moffit v. Baltimore American Mortg.*, 665 F. Supp. 2d 515,

517 (D. Md. 2009) (quoting *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996)),

*aff'd sub nom.*, *Moffitt v. Residential Funding Co., LLC*, 604 F.3d 156 (4th Cir. 2010).

In this case, Defendants timely filed the Notice of Removal (ECF No. 1). Defendants

St. Vincent and Archer-Smith were served with formal process on September 26, 2014.

Defs.' Resp. in Opp. to Pl.'s Mot. to Remand, 2, ECF No. 16 (citing to the docket of the

Circuit Court for Baltimore City). Defendants McConnell, Adair, and Young were served on

September 29, 2014. *Id.* All Defendants[9] joined to file the Notice of Removal on October 9,

2014, well within the thirty-day window required by 28 U.S.C. § 1446(b). Although Ms.

Christopher claims that she sent a copy of the complaint, without summonses, to

Defendants' counsel earlier in September, this informal service does not trigger the removal

period. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Rather, "a

named defendant's time to remove is triggered by simultaneous service of the summons and

complaint . . . but not by mere receipt of the complaint unattended by any formal service."

*Id.* Defendants thus timely removed the case to federal court.

Moreover, Ms. Christopher waived any right to remand when she filed a Second

Amended Complaint on the same day she filed the present Motion to Remand. As this

Court has explained, "[n]othing could more clearly constitute 'affirmative activity' than the

filing of a Second Amended . . . Complaint alleging . . . facts that clearly give rise to federal

jurisdiction." *Moffit*, 665 F. Supp. 2d at 517. Ms. Christopher's Second Amended Complaint

asserts federal claims with facts giving rise to federal jurisdiction. In filing this document, she

essentially consented to this Court's jurisdiction over the present action. Even further, Ms.

---

[9] As previously noted, Schiavone is not an individual named defendant, despite Plaintiff's arguments to the contrary.

Christopher does not even contend that this Court lacks jurisdiction to hear the case. Rather, she merely states that the "Circuit Court of Baltimore City is also able to hear [her] case." Mot. to Remand, 4, ECF No. 12. For the foregoing reasons, Plaintiff's Motion to Remand is DENIED.

## B. Motion to Intervene

As a second preliminary matter, this Court will resolve the pending Motion to Intervene. Intervention is governed by Rule 24 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action:
> . . .
> (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
>
> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action:
> (1) In General. On timely motion, the court may permit anyone to intervene who:
> . . .
> (B) has a claim or defense that shares with the main action a common question of law or fact.
> . . .
> (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24.

The Proposed Intervenors appear to proceed under a theory of intervention of right pursuant to Rule 24(a)(2). Under this theory, a movant must establish: "(1) a significantly

protectable interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." *Gottlieb v. Lincoln Nat'l Life Ins. Co.*, 388 F. Supp. 2d 574, 577 (D. Md. 2005).  The Proposed Intervenors, however, have satisfied none of the requisite elements.

In support of their Motion, the Proposed Intervenors assert that the "share in the same goals as the Plaintiff[], in that they want every opportunity to assure [sic] that the Plaintiff have [sic] a fair trial with a Jury." Mot. to Intervene, 1, ECF No. 21. They wish to "intervene as party plaintiffs for the purpose of offering evidence and argument in support of Plaintiff[]'s Complaint," as they are "concerned about the truthfulness of the Defendants." *Id.* at 1, 3. Yet, such statements indicate only support for Ms. Christopher's claims, rather than demonstrate a right to intervene in the present action. The Proposed Intervenors may possess the "same goals" as Plaintiff, but merely sharing the same beliefs as another person does not imbue the Proposed Intervenors with any "interest relating to the property or transaction which is the subject of the action." Given the dearth of any facts establishing a right to intervene under Rule 24(a)(2), the Proposed Intervenors' Motion to Intervene is DENIED.

### C.  Motion to Dismiss Plaintiff's Second Amended Complaint

In moving to dismiss Plaintiff's Second Amended Complaint, Defendants contend that all claims asserted by Ms. Christopher were decided by this Court in *Christopher I*, and thus are barred by the principle of res judicata. Res judicata, like collateral estoppel, is an affirmative defense for which the defendant bears the burden of establishing. *Theune v. U.S.*

*Bank, N.A.*, No. MJG-13-1015, 2013 WL 5934114, *3 (D. Md. Nov. 1, 2013) (citing *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007)). As the United States Court of Appeals for the Fourth Circuit explained,

> It follows therefore, that a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense . . . .  But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense appear *on the face of the complaint.*

*Goodman*, 494 F.3d at 464 (citations and internal quotation marks omitted; emphasis in original).

Res judicata, also known as claim preclusion, "bars a party from relitigating a claim that was decided or could have been decided in an original suit," *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008), and "bars a cause of action adjudicated between the same parties or their privies in a prior case." *Jones v. SEC*, 115 F.3d 1173, 1178 (4th Cir. 1997) (citation omitted). To assert a defense of res judicata, a defendant must establish: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and later suit, and (3) and identity of parties or their privies in the two suits." *Id.*

The subject Second Amended Complaint is one such "relatively rare circumstance[]" where facts sufficient to rule on an affirmative defense clearly appear on the face of the complaint. Each of Plaintiff's allegations were considered in depth and rejected both by this Court and by the Fourth Circuit, thus a consideration of the affirmative defense of res judicata is proper at this stage.

In this case, the present action involves the same parties, the same subject matter, and the same arguments as were made by Ms. Christopher in *Christopher I*. This Court conclusively held, on the merits, that the Plaintiff "simply has not alleged a basis to hold the defendants liable." *Christopher I*, No. CCB-12-2309, at 2. The sole point on which the subject Second Amended Complaint differs from the Complaint in *Christopher I* is the addition of a Title VII claim.[10] Yet, res judicata bars claims that were actually decided in a prior case, as well as claims that could have been decided in that first case. *Laurel Sand*, 519 F.3d at 161. If a claim "arise[s] out of a single nucleus of operative facts . . . [it] will be barred even if [it] involve[s] different harms or different legal theories." *Reeves v. St. Mary's County Comm'rs*, 268 F. Supp. 2d 576, 584 (D. Md. 2003). Although Ms. Christopher fails to allege any facts specific to her Title VII claim, it appears that this claim arises from the same termination and alleged discrimination underlying her other claims. *Christopher I* was thus the proper forum to raise this claim. Like her Rehabilitation Act and Americans with Disabilities Act claims, Plaintiff's Title VII claim is barred by res judicata.

In sum, the present action is nearly identical to a case this Court dismissed on the merits. Under the principle of res judicata, such duplicative litigation is impermissible. Accordingly, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint is GRANTED WITH PREJUDICE.

<u>CONCLUSION</u>

---

[10] In fact, Ms. Christopher admits that the complaint in *Christopher I* and the "New Complaint" filed in the present action "are one in the same with the amended damages sought." Pl.'s Resp. in Opp. to Defs.' Mot. to Dismiss ¶ 21, ECF No. 14.

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 10) is MOOT; Plaintiff's Motion to Remand (ECF No. 12) is DENIED; Plaintiff's Motion for Entry of Default (ECF No. 15) is DENIED; Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 18) is GRANTED WITH PREJUDICE; Movants Demetra Doughty and Danielle Christopher-Robinson's Motion to Intervene (ECF No. 21) is DENIED; Plaintiff's Motion for Summary Judgment (ECF No. 24) is MOOT; and Plaintiff's Motion for Judgment Settlement (ECF No. 26) is MOOT. This case is barred by *res judicata* and DISMISSED WITH PREJUDICE as to all Defendants.

A separate Order follows.

Dated:      June 11, 2015               /s/_____

                                        Richard D. Bennett
                                        United States District Judge